IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL SIERRA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-612-B-BN |
| | § | |
| ZWICKER AND ASSOCIATES, P.C., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rafael Sierra filed a *pro se* complaint in the Fort Worth Division of this district against Defendant Zwicker and Associates, P.C. (Z&A), ostensibly for constructive discharge. *See* Dkt. Nos. 1-3.

Because the facts giving rise to Sierra's claims occurred in Dallas County, his lawsuit was transferred to this division. *See* Dkt. No. 10. His case has now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 13. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice for failure to state a claim upon which relief may be granted unless, within the time to file objections to this recommendation, Sierra demonstrates that he can amend his complaint to allege a plausible claim.

*Sua Sponte* **Consideration**

Sierra paid the statutory filing fee. Regardless, while screening under 28 U.S.C. § 1915 is not appropriate, the Court may still "consider the sufficiency of the

complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provides notice, and the period for filing objections to them affords Sierra an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

**Legal Standards**

When considering dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."

But a plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the

speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). So a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL

2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

## Analysis

Sierra alleges that Z&A "constructively fired" him. Dkt. No. 1 at 1.

To ultimately "prove a constructive discharge, a 'plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign.'" *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 924 (5th Cir. 2022) (quoting *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (quoting, in turn, *Faruki v. Parsons*, 123 F.3d 315, 319 (5th Cir. 1997))); *see also Young v. Sw.*

*Sav. & Loan Ass'n*, 509 F.2d 140, 144 (5th Cir. 1975) ("The general rule is that if the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee." (citations omitted)).

"Courts analyze constructive discharge claims under an objective standard, looking at the facts of each case to answer: 'Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?'" *Millan v. Bexar Cnty., Tex.*, No. SA-21-CV-0659-JKP-HJB, 2022 WL 62541, at *9 (W.D. Tex. Jan. 5, 2022) (quoting *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004)).

From the perspective of a reasonable employee, "[c]onsideration of whether [Sierra] was constructively discharged is to be viewed in the totality of the circumstances." *Brown v. Affiliated Computer Servs., Inc.*, No. 3:01-cv-135-P, 2002 WL 576028, at *3 (N.D. Tex. Apr. 12, 2002) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

> And courts in this circuit have
>
> considered the following events relevant in determining whether a reasonable employee would feel compelled to resign:
>> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer were accepted or not.

*Bye*, 49 F.4th at 924 (quoting *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 991

(5th Cir. 2008) (quoting, in turn, *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 481 (5th Cir. 2008))).

> Constructive discharge requires a greater degree of harassment than that required by a hostile environment claim. Aggravating factors used to support constructive discharge include hostile working conditions or the employer's invidious intent to create or perpetuate the intolerable conditions compelling the resignation. [And t]he resigning employee bears the burden to prove constructive discharge.

*Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 342 (5th Cir. 2005) (cleaned up).

The working conditions that Sierra alleges were sufficient to compel a reasonable employee to resign are that he "was heavily hazed by younger supporting staff by their walking in front of my office door and attempting to get my attention and making random comments to illicit an emotional response"; that the alleged hazing and "[t]he noise level" were "unbearable"; that "there was a 'communicator device' used against me to constructively terminate me before actual termination"; that "[t]he treatment and use of a 'communicator device' continued into my home and was used during the eve hours of the morning," such that Sierra "would recognize the same voices from the office that now included female individuals"; and that he has "had [his] emails hacked, internet compromised, and phones hacked as well" but "cannot say with great certainty that those technological issues are associated with [Z&A]." Dkt. No. 1 at 1-2; *see also id.* at 2 ("I have requested to be place[d] in the witness protection program, have called the FBI phone and online, CIA email, and Department of Homeland Security.").

Objectively, these allegations do not reflect "working conditions [ ] so intolerable that a reasonable person in the employee's position would have felt

compelled to resign." *Millan*, 2022 WL 62541, at *9; *cf. Dixon v. Ford Motor Co.*, No. 2:16-cv-14124, 2018 WL 7018200, at *8 (E.D. Mich. Oct. 29, 2018) (noting that federal "courts have dismissed hostile environment claims where [the] plaintiff failed to present any competent evidence of an objectively hostile work environment. *See Tavares v. Enterprise Rent-A-Car Co.*, No. 13-521S, 2016 WL 7468130, at *11 (D.R.I. June 16, 2016) (finding no competent evidence of an objectively hostile work environment where plaintiff – a diagnosed psychotic – complained that coworkers were talking about him in unspecified ways and sending him subliminal and actual messages of evil and of impending punishment for his good deeds); *Wilson v. New York City Police Dep't*, No. 09 Civ. 2632, 2013 WL 878585, at *20 (S.D.N.Y. Feb. 6, 2013) (dismissing plaintiff's hostile environment claims based on her allegations that her employer 'tapped into her cable box and had a picture of 2 Black females having sex displayed on her television' because 'the sufficiently well-pleaded facts are clearly baseless – that is ... they are fanciful, fantastic or delusional')."), *rec. adopted*, 2018 WL 6321919 (E.D. Mich. Dec. 4, 2018), *aff'd*, 2020 WL 13560450 (6th Cir. Feb. 10, 2020).

Nor do Sierra's objectively fantastical allegations support plausible claims under other theories that he advances, including that Z&A violated his Thirteenth Amendment right to be free from involuntary servitude. *See also Brooks v. George Cnty., Miss.*, 84 F.3d 157, 162 (5th Cir. 1996) ("The Fifth Circuit defines involuntary servitude as 'an action by the master causing the servant to have, or to believe he has, no way to avoid continued service or confinement.' [So, 'w]hen the employee has

a choice, even though it is a painful one, there is no involuntary servitude.'" (quoting *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990))).

The Court should therefore dismiss the complaint on its own motion.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Sierra an opportunity to explain how he would cure the deficiencies identified above (that is, how he would provide enough objectively reasonable facts to plausibly allege all elements of the claims made) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Sierra fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, it is satisfactorily shown that leave to amend should be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 23, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE